**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THE POLICE BENEVOLENT ASSOCIATION OF
THE NEW YORK STATE TROOPERS, INC.;
THOMAS H. MUNGEER, individually and as President
of the Police Benevolent Association of the New York
State Police, Inc.; and DANIEL M. ROMANO, MARK
ROBILLARD, ROLAND J. RUSSELL, JOHN P.
MORETTI JR, RICKY D. PALACIOS, ROBERT
WELSH, and FREDERICK W. SCHEIDT, on behalf**
of themselves and all others similarly situated,

        **Plaintiff,**

 **vs.**                 **1:11-CV-1526
                       (MAD/CFH)**


**ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York; PATRICIA A. HITE,
individually, and in her official capacity as Acting
Commissioner, New York State Civil Service Department;
CAROLINE W. AHL and J. DENNIS HANRAHAN,
in their official capacities as Commissioners of the New
York State Civil Service Commission; ROBERT L.
MEGNA, individually, and in his official capacity as
Director of the New York State Division of the Budget; and
THOMAS P. DiNAPOLI, in his official capacity as
Comptroller of the State of New York,**

        **Defendants.**

_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **POLICE BENEVOLENT ASSOCIATION OF NYS TROOPERS, INC.**<br>120 State Street<br>1st Floor<br>Albany, New York 12207<br>Attorneys for Plaintiffs | **RICHARD E. MULVANEY, ESQ.** |
| **OFFICE OF STEPHEN G. DENIGRIS** | **STEPHEN G. DENIGRIS, ESQ.** |

2100 M. Street, N.W.
Suite 170-283
Washington, D.C. 20037-1233
Attorneys for Plaintiffs

**OFFICE OF THE NEW YORK**      **HELENA LYNCH**, AAG
**STATE ATTORNEY GENERAL**      **RICHARD LOMBARDO**, AAG
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION[1]

In an amended complaint dated January 21, 2012, Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and money damages, to redress Defendants' alleged deprivation of Plaintiffs' rights secured pursuant to the Contracts Clause of the United States Constitution, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, Article I, § 6 of the New York State Constitution, Article III, § 1 of the New York

---

[1] The instant case is one of eleven related cases currently before this Court, all brought against, for the most part, the same individual Defendants and are all related to the increase in contribution rates for retirees' health insurance. *See Donohue v. Cuomo*, No. 1:11-cv-1530 (N.D.N.Y.); *NYSCOBA, Inc. v. New York*, No. 1:11-cv-1523 (N.D.N.Y.); *N.Y.S. Law Enforcement Officers Union Council 82, AFSCME, AFL-CIO v. New York*, No. 1:11-cv-1525 (N.D.N.Y.); *Police Benevolent Assoc. of the N.Y.S. Troopers, Inc. v. New York*, No. 1:11-cv-1526 (N.D.N.Y.); *N.Y.S. Police Investigators Assoc., Local 4 IUPA, AFL-CIO v. New York*, No. 1:11-cv-1527 (N.D.N.Y.); *Police Benevolent Assoc. of N.Y.S., Inc. v. New York*, No. 1:11-cv-1528 (N.D.N.Y.); *Krey v. Cuomo*, No. 1:11-cv-1529 (N.D.N.Y.); *Spence v. New York*, No. 1:11-cv-1533 (N.D.N.Y.); *Roberts v. New York*, No. 1:12-cv-46 (N.D.N.Y.); *N.Y. Court Officers Assoc. v. Hite*, No. 1:12-cv-532 (N.D.N.Y.); *Brown v. New York*, No. 1:13-cv-645 (N.D.N.Y.). With minor variations, the related cases all assert the same causes of action and raise the same arguments in the pending motions for summary judgment. The Court has determined that *Donohue v. Cuomo*, No. 1:11-cv-1530 (N.D.N.Y.) shall serve as the "Lead Case." Familiarity with the Lead Case is presumed. The Court adopts and incorporates by reference the related Memorandum-Decision and Order in the Lead Case into this Memorandum-Decision and Order and will only address those facts and legal issues that are distinct from the Lead Case.

State Constitution, and for breach of contract, and violation of New York State Civil Service Law § 167, resulting from Defendants' unilateral action effective October 1, 2011, increasing the contribution rates that Plaintiffs, who are active and retired employees of the State of New York, pay for their health insurance in retirement. *See* Dkt. No. 8. Plaintiffs further seek an order declaring Chapter 491 of the Laws of 2011, amending Civil Service Law § 167(8), unconstitutional, as applied, and enjoining Defendants' implementation thereof, to the extent that the law and any regulations adopted thereunder impermissibly impair the obligation of the contract between the State and individual Plaintiffs, and the class they represent, by increasing the contribution rates that such retirees are required to pay for health insurance benefits in retirement. *See id.*

Currently before the Court is Defendants' motion for summary judgment. *See* Dkt. No. 80.

## II. BACKGROUND

**A.     The Parties**

Plaintiff the Police Benevolent Association of the New York State Troopers ("NYSTPBA") is the collective bargaining representative for members of the Division of State Police covering the ranks of Trooper, Sergeant, Lieutenant, Captain, and Major, many of whom are enrolled in and receive benefits through the New York State Health Insurance Program ("NYSHIP"). *See* Dkt. No. 80-2 at ¶ 1. Plaintiff Thomas H. Mungeer is the President of NYSTPBA and was at the relevant time an active New York State employee. *See id.* at ¶ 2. Plaintiffs John P. Moretti and Mark Robillard were, at the relevant times, active employees of the State of New York and members of NYSTPBA. *See id.* at ¶ 3. Plaintiffs Ronald J. Russell, Ricky D. Palacios, and Daniel M. Romano are former employees of the State of New York and

3

members of NYSTPBA, and are receiving Dependent Coverage health benefits through NYSHIP. *See id.* at ¶ 4. Plaintiffs Robert Welsh and Frederick W. Scheidt are former employees of the State of New York and members of NYSTPBA, and are receiving individual coverage health benefits through NYSHIP. *See id.* at ¶ 5.

Defendant Andrew M. Cuomo is the Governor of the State of New York. *See id.* at ¶ 6. Defendant Patricia A. Hite was, in 2011, Acting Commissioner of the New York State Department of Civil Service. *See id.* at ¶ 7.[2] Defendants Caroline W. Ahl and J. Dennis Hanrahan were, in 2011, the members of the Civil Service Commission. *See id.* at ¶ 8. Defendant Robert Megna was, in 2011, the Director of the New York State Division of the Budget. *See id.* at ¶ 9. Defendant Thomas P. DiNapoli is the Comptroller of the State of New York. *See id.* at ¶ 10.

**B.     Collective Bargaining Agreement in Effect in 2011 between the State and NYSTPBA**

During 2011, the State of New York and NYSTPBA were parties to a collective bargaining agreement ("CBA") for the period of April 1, 2007, through March 31, 2011 (the "2007-11 CBA"). *See* Dkt. No. 80-2 at ¶ 11. Section 11.1 of the 2007-11 CBA states: "The State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on March 31, 1995, or as modified by the Tripartite Arbitration Panel Awards covering the periods 1995-1999, 1999-2001, 2001-2003, and 2003-2007 Collective Bargaining Agreement unless specifically modified or replaced pursuant to this Agreement." *Id.* at ¶ 12. Section 11.10(a) of the 2007-11 CBA states that "[t]he State agrees to pay 90 percent of the cost of

---

[2] The Court notes that Plaintiffs object to the assertion that Defendant Hite was Acting Commissioner of the New York State Department of Civil Service. *See* Dkt. No. 96-22 at ¶ 10. The same objection was raised and addressed by the Court in the Lead Case and will not be repeated in the present matter.

4

individual coverage and 75 percent of dependent coverage, provided under the Empire Plan." *Id.* at ¶ 17. Section 11.10(b) extends the same contribution rates to HMOs. *See id.* at ¶ 18. Additionally, Section 11.10(c) of the 2007-11 CBA states that "[t]he unremarried spouse of an employee, who retires after April 1, 1988, with ten or more years of active State service and subsequently dies, shall be permitted to continue coverage in the health insurance program with payment at the same contribution rates as required of active employees." *Id.* at ¶ 19.

## C. Collective Bargaining Agreements From 1982 to 2007

From 1982 to 2007, the various collective bargaining agreements between the State and NYSTPBA contained substantially the same provisions as discussed above. *See* Dkt. No. 91-2 at ¶¶ 20-29. The 1982-85 CBA, however, provided that the State would pay 100% of individual coverage and 75% of dependent coverage. *See id.*

## D. Legislation, Administrative Measures, and Fiscal Crisis

The Court will not repeat all of the facts relating to the 1983 and 2011 Legislation, the fiscal crisis facing the State in 2010 and 2011, or the parties' arguments relating to Defendant Hite acting as the head of the Department of Civil Service. Rather, the Court refers the parties to the discussion set forth in the accompanying Memorandum-Decision and Order from the Lead Case.

## E. The Amended Complaint and Defendants' Motion for Summary Judgment

In their first cause of action, Plaintiffs allege that the increase in the percentage of the health insurance premium contribution paid by retirees violated the Contracts Clause of Article I, § 10 of the United States Constitution. Defendants contend that the Court should dismiss this cause of action because the collective bargaining agreements do not establish a contractual right to a perpetually fixed health insurance premium contribution rates. Further, Defendants argue that, even if Plaintiffs do have a vested right to a perpetually fixed premium contribution rate,

5

they failed to demonstrate a substantial impairment of that right. Moreover, Defendants contend that they are entitled to summary judgment on this claim because the law at issue served a legitimate public purpose and the means chosen to accomplish that purpose were reasonable and necessary.

The second and third causes of action allege that the retirees' premium contribution increase violated Plaintiffs' right to due process under the State and Federal Constitutions, respectively. Defendants argue that they are entitled to summary judgment because Plaintiffs do not have a constitutionally protected property right in perpetually fixed premium contribution rates. Additionally, Defendants contend that, even if Plaintiffs had a property interest, the claim still fails because they had an adequate state-court remedy of which they failed to avail themselves. Further, Defendants argue that the State due process claim must be dismissed because the New York State Constitution does not provide for the cause of action Plaintiffs assert.

The fourth cause of action alleges that L. 2011 Ch. 491, as applied to Plaintiffs, violates their rights under the Contracts Clause and Due Process Clause of the United States Constitution. Defendants claim that they are entitled to summary judgment as to this cause of action because it is entirely duplicative of Plaintiffs' fatally defective Contracts Clause and Due Process claims.

The fifth and sixth causes of action allege that Defendants' extension of the premium contribution increase was *ultra vires* because it was not authorized pursuant to Civil Service Law § 167(8). Defendants contend that these claims should be dismissed because the Court lacks subject matter jurisdiction over them and they are otherwise meritless.

The seventh cause of action seeks a judgment pursuant to Article 78 of the New York Civil Practice Law and Rules. Defendants contend that this claim was previously dismissed by the Court. *See* Dkt. No. 80-1 at 10 (citing Dkt. No. 23 at 18-21).

The eighth cause of action alleges that the increase in the percentage of the health insurance premium contribution paid by retirees breached Plaintiffs' contractual rights under the 2007-11 NYSTPBA CBA. Defendants contend that the Court should decline to exercise supplemental jurisdiction over this claim since there is no viable federal claim and that this claim should otherwise be dismissed because it lacks merit.

Finally, the ninth cause of action alleges that the retirees' premium contribution increase violated Plaintiffs' contract rights established by statute and longstanding practice. Defendants argue that they are entitled to summary judgment because it is well established that Civil Service Law § 167(1) did not bestow any contractual rights on Plaintiffs and the past practice that Plaintiffs allege did not exist. Additionally, Defendants contend that the claim must be dismissed because past practice is merely a form of parol evidence that is not properly considered.

### III. DISCUSSION

**A.  Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the

nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.     Plaintiffs' Claims**

The Court will not restate here all of the relevant law or reasons why Defendants' motion for summary judgment is granted as to Plaintiffs' ten named causes of action. Rather, the Court directs the parties to the discussion in the Lead Case, which addresses each of the raised arguments. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102. The Court will only briefly address arguments raised by Plaintiffs that are distinct from those addressed in the Lead Case.

Initially, Plaintiffs argue that the Court should exclude the declarations of Dominic Colafati and Darryl Decker due to Defendants' failure to disclose them as witnesses. *See* Dkt. No. 84 at 12-18. As discussed in detail in the Lead Case, Defendants' failure to disclose these witnesses did not result in any prejudice and Plaintiffs have failed to demonstrate that the Court should grant such extraordinary relief.

In support of their Contracts Clause claim, Plaintiffs rely on a Memorandum of Understanding executed on November 18, 1982 and a purported oral side deal pertaining to employees who retire on or after January 1, 1983. *See* Dkt. No. 84 at 19-22. No reasonable finder of fact could conclude the existence of such a side deal because it was never memorialized in any agreement, including the 1982 Memorandum of Understanding or any of the CBAs at

8

issue. Indeed, the Memorandum of Understanding, by its plain terms, a memorandum of the parties' understanding, makes no mention of pertaining to those who retire on or after January 1, 1983, and nothing about premium contribution rates in retirement. *See* Dkt. No. 84-2.

As discussed in detail in the Lead Case, ordinary principles of contract interpretation require the Court to conclude that none of the CBAs at issue guaranteed a perpetually fixed premium contribution rate into retirement. *See M & G Polymers USA, LLC v. Hobert Freel Tackett*, ___U.S.___, 135 S. Ct. 926, 937 (2015) (holding that, while a CBA may explicitly provide that certain terms continue after the agreement's expiration, when a contract fails to address the duration of retiree benefits, "a court may not infer that the parties intended those benefits to vest for life"). While the CBAs at issue all provide that retirees have the right to continue receiving health insurance through the NYSHIP, they are all silent as to the premium contribution rate to be paid by retirees. *See Serafino v. City of Hamtramck*, 707 Fed. Appx. 345, 352-53 (6th Cir. 2017) ("Looking to the four corners of the agreements, there is no indication that the City intended to provide *any* healthcare benefit to retirees for life, let alone a right to deductible-free, low-co-pay, forever-unalterable healthcare insurance") (emphasis in original). This conclusion is further supported by the legislation passed in 1983 providing that the State would continue to pay the full premium for pre-January 1, 1983 retirees. If retirees had a contractually vested perpetual right to the same contribution rates in effect at the time of their retirement, there would have been no need for an affirmative legislative carve-out specifically applicable to them. Finally, as set forth in the Lead Case, the undisputed facts establish that, even if Plaintiffs had a vested right to a perpetual fixed contribution rate, the small increase to the contribution rate was not a substantial impairment and the increase was reasonable and necessary

in furtherance of an important government interest. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102 at 26-32.

Plaintiffs rely on *Fletcher v. Honeywell Int'l, Inc.*, 238 F. Supp. 3d 992 (S.D. Ohio 2017), in support of their argument that, because surviving spouses are guaranteed specific benefits in retirement, there is a very "strong inference" that the parties also intended to vest lifetime healthcare benefits to retirees themselves. The Sixth Circuit, however, recently reversed the district court, holding that language providing that, "[u]pon the death of a retiree, the Company will continue coverage for the spouse and dependent children for their lifetime," neither indicated nor even implied that the agreement provided healthcare to retirees until their deaths; instead, it meant that the agreement provided "lifetime healthcare for surviving spouses and dependents but not for the retirees themselves." *Fletcher v. Honeywell Int'l, Inc.*, 892 F.3d 217, 226 (6th Cir. 2018).

Plaintiffs' breach of contract cause of action must also be dismissed. Plaintiffs point to no contractual provision that was breached. The provisions regarding health insurance premiums do not extend beyond the life of the CBA and do not create a vested right to perpetually fixed premium contributions. *See Gallo*, 813 F.3d at 268.

Plaintiffs specifically ask the Court to grant them partial summary judgment as to those Plaintiffs who retired between April 1, 2007 and February 14, 2012. *See* Dkt. No. 97 at 19-20. Plaintiffs argue that these individuals are entitled to summary judgment because Defendants concede that the 2007-09 CBA "remained in effect" during 2011 and through February 14, 2012. *See id.* at 20. Again, however, Plaintiffs fail to cite to any relevant contractual provision that would guaranteed a specific premium contribution rate in retirement and, therefore, Plaintiffs are not entitled to partial summary judgment.

As to Plaintiffs' due process claims, the undisputed facts demonstrate that neither the CBAs nor Civil Service Law § 167 created a property interest in fixed premium contribution rates in retirement. *See Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987); *Pineman v. Fallon*, 662 F. Supp. 1311, 1318 (D. Conn. 1987) ("[G]enerally courts have sought to avoid interpreting statutory benefit programs as waiving the exercise of sovereign power to amend the statute in the future"). Nothing prevented New York from amending Section 167(8) and extending the premium shifts negotiated in 2011 to unrepresented employees and retirees. Further, Plaintiffs failed to address Defendants' argument that the due process cause of action is subject to dismissal because of the availability of a post-deprivation Article 78 proceeding. *See Campo v. N.Y.C. Emps. Ret. Sys.*, 843 F.2d 96, 102 (2d Cir. 1988); *Minima v. N.Y.C. Emps. Ret. Sys.*, No. 11-cv-2191, 2012 WL 4049822, *6 (E.D.N.Y. Aug. 17, 2012). Finally, contrary to Plaintiffs' argument, retiree premium contributions are not a form of deferred compensation. *See M&G Polymers USA LLC*, 135 S. Ct. at 936 ("Retiree benefits are not a form of deferred compensation").

Even assuming that Plaintiffs' *ultra vires* causes of action were not previously dismissed by the Court and are not claims brought pursuant to Article 78 over which the Court would not have subject matter jurisdiction, the claims are still subject to dismissal. As set forth more fully in the Lead Case and *Spence v. Cuomo*, No. 1:11-cv-1533, Dkt. No. 109 at 23-24 (N.D.N.Y.), Defendants Hite and Megna acted in accordance within their authority as provided by Civil Service Law § 167(8).

Based on the foregoing, Defendants' motion for summary judgment is granted.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendants' motion for summary judgment (Dkt. No. 80) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall attach a copy of the decision in the Lead Case (*Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102) to this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2018
       Albany, New York

Mae A. D'Agostino
U.S. District Judge